IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02379-BNB

DWAUNE J. GRAVLEY, SR.,

      Applicant,

v.

HONORABLE D. BERKIBILE, Warden,

      Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Dwaune J. Gravley, Sr., is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado.  He filed *pro se* on September 3, 2013, an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a letter (ECF No. 3).  He has paid the $5.00 filing fee for a habeas corpus action.

The Court must construe the habeas corpus application liberally because Mr. Gravley is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Gravley will be ordered to file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The habeas corpus application Mr. Gravley submitted to the Court on September 3 is unnecessarily wordy, vague, and confusing.  Mr. Gravley asserts thirteen claims,

asks for expungement of his disciplinary conviction, release to general population from the ADX lockdown facility, and 300 minutes of telephone time.  It is not clear whether Mr. Gravley is attacking his disciplinary conviction, his conviction and sentence in Criminal Action No. 09-cr-00013-GRVT-EBA in the United States District Court for the Eastern District of Kentucky, or both.  He may only challenge one or the other in the instant action.  Mr. Gravley was convicted of first-degree murder of another inmate, among other charges, and sentenced to life imprisonment.  *See* ECF No. 329 in No. 09-cr-00013-GRVT-EBA.  In prison, he received an incident report for killing, and was sanctioned by one day of disciplinary segregation, six months' loss of visiting privileges, and six months' loss of Trulincs (email) privileges.  *See* ECF No. 1 at 21-25.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), Mr. Gravley must "specify all [available] grounds for relief" and he must "state the facts

2

supporting each ground." Rule 1(b) of the Section 2254 Rules applies those rules to the instant action. The Court notes that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, the amended application Mr. Gravley will be directed to file must allege in a clear and concise manner both the § 2241 claims he seeks to raise and the specific facts to support each asserted claim.

In addition, the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Section 2254 Rules; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

Accordingly, it is

ORDERED that **within thirty days from the date of this order** Applicant, Dwaune J. Gravley, Sr., file an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Gravley shall obtain the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the amended application. It is

FURTHER ORDERED that if Mr. Gravley fails within the time allowed to file an amended application as directed, the action may be dismissed without further notice.

DATED September 5, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge